IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD R. ROIG, | ) | CASE NO. 1:16 CV 1156 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN, GRAFTON | ) | |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | | |

## Introduction

Before me[1] is the petition of Gerald R. Roig for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Roig was convicted by a Cuyahoga County Court of Common Pleas jury in 2014 of four counts of rape, gross sexual imposition, and kidnapping with a sexual motivation[3] and is serving a sentence of eight years. He is currently incarcerated at the Grafton Correctional Institution in Grafton, Ohio.[4]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Benita Y. Pearson by non-document order dated May 23, 2016.

[2] ECF # 1.

[3] ECF # 8, Attachment 1 at 9.

[4] http://www.drc.state.oh.us/OffenderSearch

In his petition, Roig raises one ground for habeas relief.[5] The State has filed a return of the writ arguing that the petition should be dismissed with prejudice as it is without merit.[6] Roig has filed a traverse,[7] and the State filed a reply.[8]

For the reasons that follow, I will recommend Roig's petition be denied after AEDPA review.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[9]

In August of 2012, Roig took his then 14-year old niece ("the victim") to a movie along with his adult daughter and her boyfriend.[10]  After the movie, the victim returned to Roig's home for the evening.[11]  The victim stated that Roig provided her with alcohol as they played a card game, after which she was unable to walk straight.[12]  After the card game, the

---

[5] ECF # 1.

[6] ECF # 8.

[7] ECF # 11.

[8] ECF # 12.

[9]  Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[10] ECF # 8, Attachment 1 at 56.

[11] *Id.*

[12] *Id.*

victim and Roig sat on the couch to watch a movie.[13]  Roig proceeded to give the victim an uninvited back massage, which led to the victim becoming shirtless.[14]  Roig fondled the victim before carrying her to the bedroom, he then raped her and forced the victim to perform oral sex.[15]

Two weeks later, the victim reported the sexual assault to her grandmother, who then notified the victim's mother.[16]  Neither adult took any action, except to call a "family meeting" at which time Roig was confronted and allegedly intimated that the assault took place.[17]  The adult family members took no further action.[18]  Roig contends that the family did not believe the victim.[19]

The victim attempted suicide twice in the following year and ultimately was required to see a therapist.[20]  The therapist was told about the sexual assault and notified authorities as required by Ohio law.[21]  Roig maintains that the victim suffered bullying at school and had

---

[13] *Id*.

[14] *Id.*

[15] *Id*.

[16] *Id*.

[17] *Id.*

[18] *Id*.

[19] *Id*. at 57.

[20] *Id.*

[21] *Id*.

other stressors leading to the suicide attempts, claiming, or at least implying, the sexual assault allegations were fabricated.[22]

During the trial, the lead detective related the steps taken during the investigation and indicated that the department "reached out to" Roig, but failed to receive any statement from him.[23]  Defense counsel did not object to the unsolicited statement.[24]  Instead, during the cross-examination of the detective, in an attempt to demonstrate the inadequacy of the investigation, defense counsel broached the subject of Roig's pre-arrest silence as the reason Roig had not provided the police with the witnesses allegedly present in his home on the night of the assault.[25]  The victim maintained that she and Roig were alone on the evening of the incident.[26]  On behalf of the defense, those witnesses testified to being present on the night of incident, but that nothing abnormal occurred.[27] The jury found Roig guilty.[28]

---

[22] *Id*.

[23] *Id*.

[24] *Id*.

[25] *Id.*

[26] *Id*.

[27] *Id.*

[28] *Id*.

**B.     Direct Appeal**

*1.     Ohio Court of Appeals*

Roig, through new counsel, filed a timely[29] notice of appeal[30] with the Ohio Court of Appeals. In his brief, Roig filed two assignments of error:

1.      Mr. Roig was denied the effective assistance of counsel in violation of his rights under the constitutions of the United States and of Ohio when with no plausible tactical reason his trial counsel failed to object to improper and highly prejudicial testimony and argument and explicity elicited highly prejudicial testimony. (TR 411, 424, 427, 559)[31]

2.      The State committed plain error when it adduced evidence that Mr. Roig exercised his Fifth Amendment right to silence before he was arrested and when it urged the jury to convict him because he is a bad person who, by going to trial and challenging B.P.'s claims, revictimized her. (TR 411, 559)[32]

The state filed a brief in response.[33] The Ohio appeals court overruled all two assignments of error and affirmed the decision of the trial court.[34]

_____

[29]  Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). Roig's conviction and sentence were journalized on December 2, 2014 (*id.* at 11) and the notice of appeal was filed on December 30, 2014. *Id.* at 12.

[30]  *Id.*

[31]  *Id*. at 14.

[32]  *Id.*

[33]  *Id.* at 33.

[34]  *Id.* at 54.

## 2. *The Supreme Court of Ohio*

Roig, through counsel, thereupon filed a timely[35] notice of appeal with the Ohio Supreme Court.[36] In his brief in support of jurisdiction, he raised one proposition of law:

1.   When, with no plausible tactical reason, defense counsel in a criminal case fails to object to improper and highly prejudicial testimony and argument and, in fact, explicitly elicits highly prejudicial testimony, the defendant is denied his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Section 10, Article I of the Ohio Constitution.[37]

The State filed a memorandum in response to jurisdiction.[38] On March 9, 2016, the Ohio Supreme Court declined to accept jurisdiction under S.Ct.Prac.R. 7.08 (B)(4).[39]

---

[35] *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case). The Ohio Court of Appeals affirmed the decision of the trial court on September 24, 2015 and Roig filed his notice of appeal to the Supreme Court of Ohio on November 9, 2015, thus it is timely. *Id.* at 64.

[36] *Id.*

[37] *Id.* at 67

[38] *Id.* at 81.

[39] *Id.* at 90.

**C.     Petition for writ of habeas corpus**

On May 16, 2016, Roig, *pro se*, timely filed[40] a federal petition for habeas relief.[41] As

noted above, he raises one ground for relief:

> GROUND ONE:      PETITIONER WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL, GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS, AT TRIAL.
>
> Supporting Facts:      During trial, counsel fasiled [sic] to object to testimony regarding his alleged pre-arrest silence, underscored and elicited further such testimony on his own, all without any conceivable tactical reason to do so, and elicited further unnecessary damaging testimony designed to bolster the credibility of the complaining witness; and failed to object to prosecutorial misconduct during closing arguments regarding Petitioner seeking a trial in this case, denigrating the defense for doing so, again with no tactical reason for failing to object to the highly prejudicial remarks and not only allowing them to stand, but also foreclosing the issue for appeal.[42]

## Analysis

**A.     Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.     There is no dispute that Roig is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in

---

[40]  The present petition for federal habeas relief was filed on May 16, 2016. ECF # 1. As such, it was filed within one year of the conclusion of Roig's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[41] ECF # 1.

[42] *Id*. at 4.

custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[43]

2.     There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[44]

3.     In addition, Roig states,[45] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[46]

4.     Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[47]

5.     Finally, Roig is not represented by counsel, he has not requested the appointment of counsel,[48] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[49]

## B.    Standards of review

### 1.    AEDPA review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[50] codified

at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas

---

[43] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[44] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[45] *See*, ECF # 1 at 7.

[46] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[47] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[48] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[49] 28 U.S.C. § 2254(e)(2).

[50] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

-8-

corpus.[51]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect

to any claim adjudicated on the merits in state court unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[52]

The Supreme Court teaches that this standard for review is indeed both "highly deferential"
to state court determinations,[53] and  "difficult to meet,"[54] thus, preventing petitioner and
federal court alike "from using federal habeas corpus review as a vehicle to second-guess the
reasonable decisions of state courts."[55]

a.      *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court

holdings and does not include dicta.[56]  In this context, there are two ways that a state court

decision can be "contrary to" clearly established federal law:[57] (1) in circumstances where

the state court applies a rule that contradicts the governing law set forth in a Supreme Court

---

[51]  *See* 28 U.S.C. § 2254 (2012).

[52]  28 U.S.C. § 2254(d) (2012).

[53]  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[54]  *Id.* (citation omitted).

[55]  *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[56] *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[57]  *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

case,[58] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[59]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[60]  The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[61]  Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[62]  When no such Supreme Court holding exists the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[63]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[64]  A state court's application that is "merely

---

[58]  *Id.*

[59]  *Id.*

[60]  *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

[61]  *Id.*

[62]  *See id.*

[63]  *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

[64]  *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

-10-

wrong," even in the case of clear error, is insufficient.[65]   To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[66]   Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

*b.*     *"Unreasonable determination" of the facts*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[67]   Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[68] A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[69] While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review" or "by definition preclude relief,"[70] it is indeed a difficult

---

[65]  *Id.*

[66]  *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

[67]  *Brumfield*, 135 S.Ct. at 2277.

[68] 28 U.S.C. § 2254(e)(1) (2012).

[69]  *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

[70]  *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does

standard to meet.   "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."[71]

## 2.  *Ineffective assistance of counsel*

In *Higgins v. Renico*,[72]  the Sixth Circuit re-stated the foundational rubric for reviewing claims of ineffective assistance of counsel under the long-standing teaching of *Strickland v. Washington*:[73]

> Under *Strickland*, a defendant must establish both that his counsel's performance was seriously deficient and also that he suffered prejudice as a result of such deficiency.[74]

The *Higgins* court then proceeded to discuss the applicable standards for evaluating each prong of the *Strickland* test.   It explained seriously deficient performance in the following terms:

> When complaining of his counsel's deficient performance, a convicted defendant must show that counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms."   A reviewing court must judge the reasonableness of counsel's actions on the facts of the defendant's case, viewed from counsel's perspective at the time, recognizing that "counsel is strongly presumed to have rendered adequate

not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[71] *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

[72] *Higgins v. Renico*, 470 F.3d 624 (6th Cir. 2006).

[73] *Strickland v. Washington*, 466 U.S. 668 (1984).

[74] *Higgins*, 470 F.3d at 631.

assistance and made all significant decisions in the exercise of reasonable professional judgment." In essence, a defendant has the burden of proving by a preponderance of the evidence, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

"Because advocacy is an art not a science, ... [counsel's] strategic choices must be respected" if they were made after a thorough investigation of the law and facts relevant to possible options." Such choices can vary greatly from attorney to attorney and from case to case, and reviewing courts must scrutinize these choices with a great deal of deference. Indeed, such strategic choices are virtually unchallengeable. As explained by the Supreme Court:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Thus, counsel cannot be adjudged ineffective for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy."[75]

The clearly established federal law of establishing prejudice from deficient performance of counsel was stated by the *Higgins* court as follows:

---

[75] *Id.* at 631-32 (internal citations omitted).

Even where counsel's performance is deficient, a petitioner is not entitled to habeas relief unless he also demonstrates ensuing prejudice.  In evaluating the prejudice suffered by a defendant as a result of his counsel's deficient performance, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings." Indeed, "[v]irtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Rather, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Although the defendant need not prove that counsel's deficient conduct more likely than not affected the verdict, the defendant must show that "absent his counsel's error, the courts of appeal would have reasonable doubt with respect to his guilt."  "[T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged."  In this vein, the court must determine whether "the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results."

Whether an error actually prejudiced a defendant is weighed against the "totality of the evidence before the judge or jury."  A verdict "only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support."[76]

Moreover, it is well-settled that a federal habeas court may, as an initial inquiry, consider either the alleged deficiency itself or the claim of prejudice resulting from such deficiency since establishing both prongs is required to grant the writ.[77]

---

[76] *Id.* at 633-34 (internal citations and parenthetical comments omitted).

[77] *Id.* at 631 n.3.

-14-

## C.     Application of standards

As noted earlier, Roig argues ineffective assistance of trial counsel as his sole basis for habeas relief.[78]  The State maintains that this ground should be denied on the merits because the decision of the Ohio appellate court that addressed this claim was not an unreasonable application of the clearly established federal law of *Strickland*.[79]  In his traverse, Roig seeks to undermine the Ohio appeals court's decision by questioning the facts stated in that opinion and by suggesting that the correct test for the reviewing federal court in matters of ineffective assistance of counsel should be "whether [the reviewing court] would be satisfied with counsel's performance if the court were the defendant."[80]  In that regard, he concludes that "a de novo review of the record demonstrates that [Roig] is entitled to relief" in this case.[81]

First, Roig has incorrectly stated the applicable standards of review to be utilized by the federal habeas court in this case.  As more fully discussed above, the federal habeas court here does not undertake de novo review, but rather accepts the facts as found by the Ohio appeals court and then determines whether that court's decision was an unreasonable application of clearly established federal law related to ineffective assistance of counsel. Further, as to that particular law, the *Strickland* standard is an objective one, involving both

---

[78] ECF # 1 at 4.

[79] ECF # 8 at 11-16.

[80] ECF # 11 at 4.

[81] *Id*. at 5.

-15-

a determination of whether counsel's performance was deficient in some way and then a finding that this deficiency rendered the trial unfair and the results unreliable. In no way is it a subjective inquiry into whether the reviewing court would have "been satisfied" with counsel's performance had the court been the defendant.

In considering the claim, then, under the proper standard of review, the state appeals court began its consideration of the ineffective assistance claim by correctly stating the clearly established federal law of *Strickland*, as that standard was articulated by the Supreme Court of Ohio.[82] The court further noted that judicial scrutiny of counsel's performance must be highly deferential and that there is a presumption that a licensed attorney is competent.[83] The court finally observed that Roig has the burden of showing that his counsel was incompetent.[84]

Turning first to the issue of whether Roig's trial counsel was ineffective for raising the subject of Roig's pre-arrest silence, the appeals court stated that although the state may not use a defendant's pre-arrest silence to imply guilt, defense counsel may well seek a "tactical advantage" by raising the subject so as to create the inference that such silence was indicative of innocence.[85] In such a case, the state was permitted to go into Roig's pre-arrest

---

[82] ECF # 8, Attachment 1 at 54.

[83] *Id.*

[84] *Id.*

[85] *Id.*

silence so as to respond to the defense's arguments,[86] a fact that negates Roig's argument that his defense counsel was ineffective for not objecting to what essentially was the prosecution's response to defense counsel's initial action.[87]

In this case, a major element of the defense was the argument that the police investigation was insufficient and relied too much on the victim's own statements.[88] Defense counsel attempted to use Roig's pre-arrest silence as a reason to explain why witnesses were not contacted by police.[89]  To that end, the Ohio appeals court concluded that there was no constitutional error in such an approach.[90]

Next, the Ohio panel addressed Roig's contention that counsel was ineffective for not objecting to a comment by the prosecutor to the effect that the victim had to suffer through a trial in this case, thus allegedly improperly implying that Roig's invocation of his

---

[86] *Id.*

[87] Roig argues at length in his traverse that it was the prosecution, not the defense, which raised the issue of his pre-arrest silence, and that defense counsel erroneously reinforced that impermissible act. ECF # 11 at 3-4. But, as noted above, the federal court presumes as true the facts found by the state appeals court on its review of the record. That presumption may be rebutted only by the petitioner with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Roig has not submitted any such evidence by which the presumption attached to the factual findings here may be overcome.

[88] ECF # 8, Attachment 1 at 54.

[89] *Id.*

[90] I note further that because defense counsel initiated the trial discussion of Roig's pre-arrest silence, the state court also mentioned that a later inadvertent comment on that fact by a detective was harmless error.  Roig's extensive discourse on the supposed tendency of Ohio court's to misapply the harmless error doctrine (ECF # 11 at 3-4) fails to address the fact that harmless error was only an alternative hypothesis - if there was error, it was harmless - and not the central finding, which was that no error occurred.

constitutional right to a trial caused further harm to the victim.[91] Once again, the Ohio court found that there was no ineffective assistance of counsel in this regard, finding that the comment, when taken in context, did not intend such an inference and so was not objectionable. [92]

Reviewing this decision of the Ohio court in light of both the deference due to that decision under federal habeas law, and under the standard for determining ineffective assistance of counsel claims, which the Ohio court explicitly acknowledged, the Ohio decision was not an unreasonable application of *Strickland*. Thus, I recommend finding that Roig's asserted basis for federal habeas relief should be denied on the merits.

## Conclusion

For the foregoing reasons, I recommend that the petition of Gerald R. Roig for a writ of habeas corpus should be denied.

Dated: May 22, 2017                    s/ William H. Baughman, Jr.
                                       United States Magistrate Judge

---

[91] ECF # 8, Attachment 1 at 54.

[92] *Id.*

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[93]

---

[93] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).