PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD R. ROIG, | ) | |
| | ) | CASE NO. 1:16CV1156 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN, Grafton Correctional Center | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** [Resolving ECF Nos. 1, 21, 22] |

*Pro Se* Petitioner Gerald R. Roig, an Ohio prisoner at the Grafton Correctional Institution, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging one ground for relief challenging the constitutional sufficiency of his conviction in the Cuyahoga County, Ohio Court of Common Pleas. The case was referred to Magistrate Judge William H. Baughman, Jr., for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). The magistrate judge issued a Report (ECF No. 18) recommending that the Court deny the Petition, finding that the Ohio Court of Appeals properly considered Petitioner's ineffective assistance of counsel claim. Petitioner objected (ECF No. 19), and the Warden replied (ECF No. 20). Petitioner also moved for an evidentiary hearing (ECF No. 21) and appointment of counsel (ECF No. 22). For the following reasons, the Court denies both motions, overrules Petitioner's objections, adopts the Report, and dismisses the Petition.

(1:16CV1156)

# I. Background

On direct appeal, the Ohio Court of Appeals described the factual background of Petitioner's trial and convictions as follows:

{¶ 2} On August 16, 2012, Roig took his then 14-year-old niece ("the victim") to a movie along with Roig's adult daughter and her boyfriend. After the movie, the victim returned to Roig's home for the evening. The victim testified that Roig provided her with alcohol as they played a card game, after which the victim was unable to walk straight. After the card game, the victim and Roig sat on the couch to watch a movie. Roig proceeded to give the victim an uninvited back massage, which led to the victim becoming shirtless. Roig fondled the victim before carrying her to the bedroom, the act underlying the gross sexual imposition conviction. Roig then raped the victim and forced her to perform oral sex, the separate acts constituting the rape convictions.

{¶ 3} Two weeks after, the victim reported the sexual assault to her grandmother, who in turn notified the victim's mother. Neither adult took any action, except to call a "family meeting" at which time Roig was confronted and allegedly intimated the assault took place. The adult family members took no further action. The victim's mother, after the fact, claimed that she attempted to notify authorities earlier, but the victim refused. Roig contends the family did not believe the victim.

{¶ 4} The victim attempted suicide twice in the following year and ultimately was required to see a therapist. The therapist was told about the sexual assault and notified the authorities as required by Ohio law. Roig maintains that the victim suffered bullying at school and had other stressors leading to the suicide attempts, claiming, or at least implying, the sexual assault allegations were fabricated.

{¶ 5} During trial, the lead detective related the steps taken during the investigation, and in a narrative response, indicated that the department "reached out to" Roig, but failed to receive any statement. Defense counsel did not object to the unsolicited statement. Instead, during the cross-examination of the detective, in attempting to demonstrate the inadequacy of the investigation, defense counsel broached the subject of Roig's pre-arrest silence as the reason Roig had not provided the police with the witnesses allegedly present in his home on the night of the assault. The victim maintained that she and Roig were alone on the evening of the incident. On behalf of the defense, those witnesses testified to being present on the night of the incident, but that nothing abnormal occurred. The jury found Roig guilty.

(1:16CV1156)

*State v. Roig*, No. 102423, 2015 WL 5608285 (Ohio Ct. App. Sept. 24, 2015); ECF No. 8-1 at PageID #: 99–100.

Petitioner timely appealed, arguing that his trial counsel was ineffective "(1) in failing to object to the detective's statement about Roig's pre-arrest silence and for affirmatively broaching the same topic during a cross-examination, and (2) in allowing the prosecutor to comment about the victim having to relive the assault through trial." *Roig*, 2015 WL 5608285, at *1, ¶ 6. The appellate court overruled the assignments of error and affirmed the decision of the trial court. *Id.* at *4. Petitioner filed a timely notice of appeal with the Ohio Supreme Court, arguing that, "when, with no plausible tactical reason, defense counsel in a criminal case fails to object to improper and highly prejudicial testimony and argument and, in fact, explicitly elicits highly prejudicial testimony, the defendant is denied his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and by Section 10, Article I of the Ohio Constitution." ECF No. 8-1 at PageID #: 110. The Ohio Supreme Court declined to accept jurisdiction of the appeal. *Id.* at PageID #: 133; *see also State v. Roig*, 145 Ohio St. 3d 1407 (2016).

On May 13, 2016, Petitioner filed the instant Petition for a Writ of Habeas Corpus, raising one ground for relief. ECF No. 1.

## II. Standard of Review

Parties must file any objections to a report and recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to

(1:16CV1156)

appeal the district court's judgment. *Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

When a petitioner objects to the magistrate judge's Report and Recommendation, the district court reviews those objections *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id*. (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)). The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

The Court conducts a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

(1:16CV1156)

### III. Preliminary Matters

Petitioner moves the Court to hold an evidentiary hearing (ECF No. 21) and appoint counsel (ECF No. 22). Both motions are denied.

**A. Motion for Evidentiary Hearing**

Whether to order an evidentiary hearing "is in part analogous to a summary judgment proceeding. If material facts are in dispute, a hearing should usually be held, and relevant findings of fact made." *Driskill v. Brunsman*, 2012 WL 2681366, at *1 n.1 (N.D. Ohio, July 6, 2012) (internal quotation marks and ellipses omitted). By contrast, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

As discussed below, Petitioner broadly takes issue with the state court's finding that the defense, not the prosecution, first raised the fact of Petitioner's pre-arrest silence. ECF No. 19 at PageID#: 694-95. It is undisputed that the prosecutor's witness was the first to mention Petitioner's pre-arrest silence in a narrative response to a question on examination, and the defense attorney was the first to explore the implications of that silence. *See Roig*, 2015 WL 5608285, at *3, ¶ 11 ("[T]he prosecutor never commented on Roig's pre-arrest silence and the defense at trial proffered the pre-arrest silence as an explanation for the lack of an investigation into witnesses allegedly present on the night of the incident."). There is no genuine dispute of fact; rather, Petitioner simply disputes the implications of the facts. An evidentiary hearing is

(1:16CV1156)

unnecessary to assess Petitioner's claim. Petitioner's motion for an evidentiary hearing (ECF No. 21) is therefore denied.

### B. Motion for Appointment of Counsel

The Sixth Amendment right to counsel generally does not apply to post-conviction habeas corpus proceedings for criminal defendants. See Oliver v. United States, 961 F.2d 1339, 1343 (7th Cir. 1992). 18 U.S.C. § 3006(A)(g) provides in part:

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.

Petitioner seeks relief under 28 U.S.C. § 2254, and the Court may therefore appoint counsel if the interests of justice so require.

In considering whether to grant a defendant's motion for appointment of counsel, a court should consider the following factors: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. See Oliver v. United States, 961 F.2d 1339, 1343 (7th Cir. 1992).

On review of those criteria and the record, the Court finds that the grounds for relief presented can be resolved without an evidentiary hearing, Petitioner has been articulate and prompt in his pleadings and other communications with the Court, the grounds for relief presented in the petition for a writ of habeas corpus do not appear factually or legally complex. Petitioner's motion for appointment of counsel (ECF No. 22) is therefore denied.

(1:16CV1156)

### IV. Discussion

Petitioner objects to the magistrate judge's standard of review; factual findings; presumption of correctness afforded to the state court's harmless error determination; and recommendation that the Petition be denied. ECF No. 19. Each objection is addressed in turn.

**A. Standard of Review Under AEDPA**

Petitioner contends that the magistrate judge applied the incorrect standard of review. ECF No. 19 at PageID #: 693. Petitioner argues that *Pitts v. LeCureaux*, 156 F.3d 1231 (6th Cir. 1998) should control, and because an ineffective assistance of counsel claim presents a mixed question of law and fact, the magistrate judge should have reviewed Petitioner's claim *de novo*. Instead, the magistrate judge gave the state court's determinations substantial deference as instructed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and refused to apply *de novo* review. ECF No. 18 at PageID #: 685.

The *Pitts* courts found that *de novo* review was the appropriate standard for a habeas petition alleging ineffective assistance of counsel filed on November 17, 1995, two years prior to the passage of the AEDPA. *Pitts*, 156 F.3d at *2. The court in *Pitts* expressly acknowledges that it would have reached a different result had the petition been filed after AEDPA was enacted. *Id.* The instant Petition, filed May 13, 2016, was filed well after AEDPA's passage. Accordingly,

(1:16CV1156)

the current version of 28 U.S.C. § 2254(d) is applicable.[1]  *See generally* *Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015) (describing AEDPA's "highly deferential standards").

For these reasons, the Court rules that Petitioner's first objection is without merit.

**B. Factual Findings**

Petitioner next objects to the magistrate judge's finding that Petitioner did not present clear and convincing evidence that the state court's factual findings were erroneous. ECF No. 19 at PageID #: 694.  Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).  This presumption also extends to state appellate courts' factual findings based on the trial record. *Bowling v. Parker*, 344 F.3d 487, 497 (6th Cir. 2003), *cert. denied*, 543 U.S. 842 (2004).  The presumption of correctness may be rebutted only with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also*, *e.g.*, *Lorraine v. Coyle*, 291 F.3d 416, 422 (6th Cir. 2002); *Warren v. Smith*, 161 F.3d 358, 360–361 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999) (holding that because evidence existed in the record to support the state court's finding, petitioner's evidence to the contrary was not enough to override the presumption).

---

[1] Under 28 U.S.C. § 2254(d), An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(1:16CV1156)

      Petitioner's objection relates to his argument that his counsel was ineffective for raising the subject of his pre-arrest silence.  Petitioner challenges the state appellate court's finding that Petitioner's counsel sought a "tactical advantage" by "delving into [Petitioner's] pre-arrest silence," and that "[i]t was not the state that sought the introduction to prove guilt, but rather the defense to demonstrate innocence."  *Roig*, 2015 WL 5608285, at *2, ¶ 10.  Petitioner asserts that this finding is factually incorrect because the prosecutor raised the issue of his silence, not the defense.  ECF No. 19 at PageID #: 694.  In support, Petitioner highlights two pieces of evidence: (1) the Ohio appellate court's finding that "[d]uring trial, the lead detective related the steps taken during the investigation, and in a narrative response, indicated that the department 'reached out to' Roig, but failed to receive any statement," *Roig*, 2015 WL 5608285, at *1, ¶ 5; and (2) page 411 of the trial transcript, ECF No. 8-4 at PageID #: 490–91.  Page 411 of the transcript concerns the direct examination of Detective Jacqueline Ketterer by the prosecutor, and states, in relevant part:

> Q.  And after this interview with [the victim], what did you do next, Detective?
>
> A.  With the information that we gained, we—I conferred with my supervisors and we had determined that there was a crime that was committed in that township and we did have a suspect.  We did reach out to the suspect to try to get a statement.  We never received a call back from him.

ECF No. 8-4 at PageID #: 491.

      Petitioner has not presented clear and convincing evidence to demonstrate that the Ohio Court of Appeals' factual finding was incorrect.  The Court of Appeals correctly noted that although a witness for the prosecution mentioned Petitioner's silence first, defense counsel was the first to explore the implications of that silence.  There is no evidence that the prosecution

9

(1:16CV1156)

sought to introduce evidence of Petitioner's silence as proof of his guilt, in violation of his Fifth Amendment rights. *Roig*, 2015 WL 5608285, at *3, ¶ 11 ("[T]he prosecutor never commented on Roig's pre-arrest silence and the defense at trial proffered the pre-arrest silence as an explanation for the lack of an investigation into witnesses allegedly present on the night of the incident."). The prosecution did not solicit this answer. As the Ohio Court of Appeals correctly noted, the detective volunteered this answer during a narrative response.

Furthermore, Petitioner's counsel chose not to object, and instead broached the topic himself during cross-examination. Given that defense counsel focused Petitioner's defense on the argument that the police investigation was insufficient and relied too heavily on the victim's own statements, it made sense that he would not object to this admission—counsel likely wanted to emphasize the detective's lack of evidence, and in fact did so during his cross-examination. ECF No. 8 at PageID #: 498–500; *see also Roig*, 2015 WL 5608285, at *3, ¶ 11 ("[T]he defense claimed the police failed to conduct a full investigation and failed to interview the witnesses present in Roig's home on the night the assault allegedly took place to determine whether a crime had been committed. Roig maintained that the police investigation simply relied on the victim's statements.").

Therefore, the Court rules that the magistrate judge properly deferred to the Ohio Court of Appeals' factual findings and finds that Petitioner has not presented clear and convincing evidence of the state court's error. Petitioner's second objection is overruled.

(1:16CV1156)

### C. Harmless Error

Petitioner objects to Ohio court's finding of harmless error. ECF No. 19 at PageID #: 965. As an alternative holding, the Ohio Court of Appeals determined that the detective's testimony concerning Petitioner's silence was harmless error. *Roig*, 2015 WL 5608285, at *3, ¶ 11. The Ohio court noted that "[i]n light of the fact that defense counsel's trial tactics included divulging Roig's pre-arrest silence to provide an explanation for why the police never interviewed witnesses, we cannot deem the inadvertent and unsolicited disclosure by the detective to be anything other than harmless error." *Id*.

Petitioner argues that a finding of harmless error is subject to *de novo* review and that Ohio courts tend to misapply the harmless error doctrine. ECF No. 19 at PageID #: 695. As discussed above, Petitioner's argument is not entitled to *de novo* review, but instead is reviewed under AEDPA. In this case, the magistrate judge properly determined that the state court's decision was not contrary to clearly established federal law as determined by the Supreme Court of the United States, nor did it involve an unreasonable application of such law, nor was it based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The Ohio Court of Appeals did not improperly apply clearly established federal law. Petitioner cites *Calvert v. Wilson*, 288 F.3d 823 (6th Cir. 2002) to argue that "Ohio Courts in particular, widely misapply the application of the harmless error doctrine." ECF No. 19 at PageID #: 695; *see also* ECF No. 11 at PageID #: 659–60. The Sixth Circuit did not clearly make this determination in *Calvert*, which overturned a single case decided in the Southern District of Ohio. Regardless, the Ohio appellate court properly determined harmless error in this

(1:16CV1156)

case. The United States Supreme Court has instructed that a court making a harmlessness determination must conclude that any given constitutional error was "harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24 (1967); *see also Davis v. Ayala*, 135 S. Ct 2187, 2197–98 (2015). A state court need not directly cite Supreme Court precedent "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent.]" *Early v. Packer*, 123 S. Ct. 362, 365 (2002). Although the Ohio court did not specifically cite *Chapman* or other Supreme Court case law, its reasoning was not contrary to the *Chapman* standard. Explaining that "the defense counsel's trial tactics included divulging [Petitioner's] pre-arrest silence to provide an explanation for why the police never interviewed witnesses," *Roig*, 2015 WL 5608285, at *4, ¶ 15, the Ohio court determined that Petitioner's pre-arrest silence would have been revealed eventually, and, therefore, the detective's testimony was harmless. The court noted, "It defies logic to require the defense to object to a statement later intended to be admitted." *Roig*, 2015 WL 5608285, at *4, ¶ 15. The Ohio court's conclusion was consistent with *Chapman* and not contrary to clearly established federal law. Additionally, its explanation was logical and based on a reasonable determination of the facts. Accordingly, Petitioner has not demonstrated a basis for relief pursuant to 28 U.S.C. § 2254(d).

For these reasons, the Court overrules Petitioner's third objection.

**D. Recommendation of Denial**

Petitioner lodges a general objection to the magistrate judge's recommendation that the Petition be denied. ECF No. 19 at PageID #: 695–96. He states that he "objects, and submits that, in reviewing the facts of this case, *de novo*, under the prevailing standards for the conduct of

12

(1:16CV1156)

reasonably effective counsel, it is clear that counsel fell short in this case, and the substandard performance prejudiced the result of the proceedings." *Id*. Such an objection merely states disagreement with the magistrate judge's suggested resolution, and is not a true objection for the purposes of this review. *Cvijetinovic*, 617 F. Supp. 2d at 632; *Jones*, 2006 WL 903199, at *7.

Accordingly, the Court overrules Petitioner's fourth objection.

### V. Conclusion

For the foregoing reasons, the Court denies Petitioner's motions for an evidentiary hearing (ECF No. 21) and appointment of counsel (ECF No. 22), overrules Petitioner's objections, adopts the magistrate judge's Report and Recommendation, and dismisses the Petition. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

October 9, 2018      */s/ Benita Y. Pearson*
Date      Benita Y. Pearson
     United States District Judge